**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1950**

IRMA I. DONATO MALAVE,

              Plaintiff - Appellant,

      v.

HON. KAREN H. ABRAMS, St. Mary's County Judge; HON.
CHRISTOPHER B. KEHOE; HON. STUART BERGER; HON. JAMES P.
SALMON, Court of Special Appeals Judges; HON. ROBERT M.
BELL, Court of Appeals Chief Judge,

              Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Deborah K. Chasanow, Chief District
Judge. (8:13-cv-01985-DKC)

Submitted: November 27, 2013      Decided: December 6, 2013

Before MOTZ, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rickey Nelson Jones, LAW OFFICES OF REVEREND RICKEY NELSON
JONES, Baltimore, Maryland, for Appellant. Douglas F. Gansler,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irma I. Donato Malave appeals the district court's orders dismissing her complaint for lack of subject matter jurisdiction and denying reconsideration. For the following reasons, we affirm.

It is well-established that the burden of proving subject matter jurisdiction is on the plaintiff, the party who is asserting jurisdiction. Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010). We review the district court's dismissal for lack of subject matter jurisdiction de novo. Cooksey v. Futrell, 721 F.3d 226, 234 (4th Cir. 2013). In addition, judges enjoy absolute judicial immunity from damages liability for judicial acts unless done "in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted).

Citing Pulliam v. Allen, 466 U.S. 522 (1984), Malave argues on appeal that judicial immunity does not apply to claims for injunctive relief under 42 U.S.C. § 1983. However, the precedent established by that decision was abrogated by the Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847, which amended § 1983 and provided that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was

2

unavailable." Id. § 309. Malave has not shown that either condition was satisfied here.[1]

Moreover, we conclude that the district court correctly held that consideration of Malave's claims was barred by the Rooker-Feldman[2] doctrine. See Skinner v. Switzer, 131 S. Ct. 1289, 1297 (2011) (discussing doctrine). Because Malave effectively sought to have the district court review the Maryland state courts' decisions, her action was barred by the Rooker-Feldman doctrine, and the district court lacked jurisdiction to entertain her claims. Accordingly, we affirm the district court's orders.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[1] Moreover, although the Supreme Court concluded in Pulliam that attorney fees in § 1983 cases are a statutory exception to the general rule, this holding was also abrogated by the Federal Courts Improvement Act of 1996. See 42 U.S.C. § 1988(b).

[2] See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).